UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DARNELL NASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00055-JPH-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Darnell Nash is a prisoner currently incarcerated at Butner Medium I Federal Correctional Institution. She filed this civil action about her time while incarcerated at the Terre Haute U.S. Penitentiary ("Terre Haute"), and she has now filed an amended complaint. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Ms. Nash sues the United States under the Federal Tort Claims Act.

She alleges that Bureau of Prisons ("BOP") employees failed to perform mandatory duties under the Prison Rape Elimination Act ("PREA") and allowed a pattern of sexual abuse, assault, and violence to be perpetrated against her at Terre Haute. Dkt. 38 at 1. She alleges that she was raped and assaulted 57 times while incarcerated at Terre Haute by multiple individuals, including Officer White, an inmate named Meach, and other inmates. *Id.* The BOP failed to investigate Ms. Nash's reports of these attacks, supervise its employees, provide medical care to Ms. Nash, preserve forensic evidence, and protect her against further attacks and retaliatory acts. *Id.*

After Ms. Nash reported the attacks, false incident reports were filed against her in retaliation, leading to a loss of credit time and a transfer to the special housing unit. *Id.* at 3.

Ms. Nash requests $20 million in damages. *Id.* at 12.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

Ms. Nash asserts that she is bringing a tort claim of intentional interference with civil litigation by spoliation of the evidence for the destruction of evidence that would support her claims. The spoliation claim is **DISMISSED for failure to state a claim** because Indiana does not recognize a claim against a tort defendant for spoliation of evidence supporting that tort claim. *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 189–91 (Ind. 2011).

The complaint is understood to allege that BOP employees retaliated against Ms. Nash in violation of her First Amendment rights. However, the Supreme Court in *Egbert v. Boule*, 596 U.S. 482 (2022), decided that there is no suit allowed against federal employees for retaliation in violation of First Amendment rights. Accordingly, all First Amendment retaliation claims are **DISMISSED for failure to state a claim**.

Ms. Nash also invokes the tort of abuse of process. To state an abuse of process claim, however, a party must allege "the following elements: (1) an ulterior purpose or motive and (2) a willful act in the use of process not proper in the regular conduct of the proceeding." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 753 (Ind. Ct. App. 2010). Indiana courts have defined the term "process" as the use of the "judicial machinery" including actions undertaken by litigants in pursuing a legal claim. *Groen v. Elkins*, 551 N.E.2d 876, 879 (Ind. Ct. App. 1990).

Ms. Nash does not allege that any *judicial* process was used against her. Thus, any claim for relief for an abuse of process claim is **DISMISSED for failure to state a claim**.

Regarding the loss of her credit time through Defendant's false reporting, misrepresentation, and deceit, Ms. Nash cannot seek damages related to this unless and until her credit has been restored. Where success "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (applying *Heck* rule to claims brought by federal prisoner under FTCA). Thus, any claims that implicate Ms. Nash's disciplinary hearings and incident reports must be **DISMISSED without prejudice as barred by *Heck***.

Lastly, any civil conspiracy claim is **DISMISSED for failure to state a claim upon which relief can be granted**. *See Rosenbaum v. White*, 692 F.3d 593, 606 (7th Cir. 2012) ("In Indiana, there is no independent cause of action for civil conspiracy.").

The claims which shall proceed are the following. FTCA claims for negligence, assault, and battery.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that

additional claims were alleged in the complaint, but not identified by the Court, she shall have **through November 25, 2026,** in which to identify those claims.

**IV. Conclusion**

The following claims are proceeding: claims under the FTCA for negligence, assault, and battery. All other claims have been dismissed.

The United States has appeared in this action and acknowledged receipt of the amended complaint. Dkt. 39. As set forth in docket entry 40, the United States' deadline to answer or otherwise respond to the amended complaint is **fourteen days from the date of this Order**.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/26/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DARNELL NASH
31505-001
BUTNER - MEDIUM I FCI
BUTNER MEDIUM I FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509

All electronically registered counsel